**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiffs and the putative*
*FLSA Collective and Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CARLOS ALBERTO RAMIREZ LOPEZ, JORJE BOLIVAR REA RIVERA, ISMAEL RAMIREZ LOPEZ and SEGUNDO REA, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiffs,** | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| **-against-** | **Jury Trial Demanded** |
| **UNI NYC LLC d/b/a TRE OTTO, LAUREN Y. CANGIANO and LOUIS S. CANGIANO, JR., Jointly and Severally,** | |
| **Defendants.** | |

Plaintiff Carlos Alberto Ramirez Lopez, Jorje Bolivar Rea Rivera, Ismael Ramirez Lopez, and Segundo Rea (collectively, the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1

**NATURE OF THE ACTION**

1.      Plaintiffs are former kitchen employees at Defendants' restaurant located in the Carnegie Hill neighborhood of Manhattan, New York.

2.      While working for Defendants, Plaintiffs typically worked well in excess of forty (40) hours each week and were paid on weekly salary basis which did not increase based on the number of hours worked.  Through being paid a fixed weekly salary, certain Plaintiffs were not paid minimum wage for all hours worked and all Plaintiffs were not paid overtime premiums for hours worked over forty (40) in a given workweek. Plaintiffs also did not receive spread-of-hours premiums when working shifts in excess of ten (10) hours, proper wage notices or wage statements.

3.      Plaintiffs bring their action to recover unpaid minimum wage and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiffs also bring claims against Defendants for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

4.       Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to

28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district and Defendants' business is located in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

8.      Plaintiff Carlos Alberto Ramirez Lopez ("Lopez") was, at all relevant times, an adult individual residing in Queens County, New York.

9.      Plaintiff Jorje Bolivar Rea Rivera ("Rivera") was, at all relevant times, an adult individual residing in Queens County, New York.

10.     Plaintiff Ismael Ramirez Lopez ("I. Lopez) was, at all relevant times, and adult individual residing in Queens County, New York.

11.     Plaintiff Segundo Eduardo Rea ("Rea") was, at all relevant times, and adult individual residing in Queens County, New York.

12.     Throughout the relevant time period, Plaintiffs performed work for Defendants at Tre Otto Restaurant located at 1410 Madison Avenue, New York, NY 10029.

13.     Plaintiffs consent in writing to be party to this action, pursuant to 29 U.S.C. § 216 (b), and their consent forms are attached hereto.

**Defendants:**

12.     UNI NYC LLC is an active New York Corporation doing business as "Tre Otto Restaurant" ("Tre Otto" or the "Corporate Defendant") with its principal place of business at 1410 Madison Avenue, New York, NY 10029.

13.     Upon information and belief, Defendant Lauren Y. Cangiano ("Lauren Cangiano") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

14.     Upon information and belief, Defendant Louis S. Cangiano, Jr. ("Louis Cangiano" and, together with Lauren Cangiano, the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

15.     The Individual Defendants maintained operational control over the Corporate Defendant and managed Tre Otto Restaurant by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiffs.

16.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in his direction and control of Plaintiffs and the Corporate Defendant's other similarly situated employees and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

17.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207 (a).

18.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

19.     At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

20.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

21.     At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since September 19, 2015 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

23.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages

for all hours worked and overtime premiums payments for all hours worked in excess of forty (40) hours per week.

24.    Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

25.    Pursuant to the NYLL, Plaintiffs brings their Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since September 19, 2012 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees (the "Class Members").

26.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

27.    The Class Members are so numerous that joinder of all members is impracticable.

28.    Upon information and belief, there are in excess of forty (40) Class Members.

29.    The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a.    whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

c.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wage for all hours worked;

d.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e.  whether Defendants failed to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts:

f.  whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g.  whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

h.  whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

i.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

30.  Plaintiffs' claims are typical of the Class Members' claims. Plaintiffs, like all Class Members, were non-management employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, was not paid overtime premium pay for hours worked over forty (40) in a given workweek, were not paid spread-of-hours premiums when working a shift and/or split shift of ten (10) or more hours, and did not receive accurate wage notices or wage statements.

31.     If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

32.     <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

33.     Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

34.     <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation.</u>

35.     Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

36.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurant**

37.     Throughout the relevant time period, Defendants have been in the restaurant business.

38.     According to Defendants' website, "Tre Otto was opened in 2009 by Louis and Lauren Cangiano." (http://www.treotto.com/about.html).

39.     Tre Otto's kitchen hours are Monday through Friday from 11:30 am to 10:00 pm

and Saturday and Sunday from 12:00 pm to 10:00 pm. (http://www.treotto.com/contact.html).

40.    Upon information and belief, the Individual Defendants are a constant presence in the restaurant and take an active role in ensuring that the restaurant is run in accordance with their procedures and policies.

41.    Upon information and belief, at all times relevant, the Individual Defendants and their managers have had power over payroll and personnel decisions at Tre Otto Restaurant, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

**Plaintiffs' Work for Defendant**

42.    Plaintiff Lopez was employed by Defendants from in or around June 2017 through on or about April 6, 2018 (the "Lopez Employment Period"). Plaintiff Lopez was initially employed at Tre Otto Restaurant as a pasta maker, then food prep or "prep cook" and subsequently a cook.

43.    Throughout the Lopez Employment Period, Plaintiff Lopez worked six (6) days per week, from Monday through Sunday, with Wednesdays off, Lopez worked from approximately 11:30 am through 10:00 pm. In total, Plaintiff Lopez typically worked approximately sixty-three (63) hours per week.

44.    For his work, throughout the Lopez Employment Period until approximately January 2018, Lopez was paid a total of seven hundred dollars ($700.00) per week. For the last approximately three (3) months of his employment, Lopez was paid a total of seven hundred and twenty-five dollars ($725.00) per week.

45.    Plaintiff Rivera was employed by Defendants as a pizza maker and a salad station employee from approximately August 2017 through on or about March 22, 2018 (the "Rivera

9

Employment Period").

46.    Throughout the Rivera Employment Period, Plaintiff Rivera worked six (6) days per week, with Sundays off. Each day, Rivera worked from approximately 11:30 am to approximately 10:00 pm, for a total of approximately sixty-three (63) hours each week.

47.    For his work, throughout the Rivera Employment Period, Rivera was paid seven hundred dollars ($700.00) a week.

48.    Plaintiff I. Lopez was employed by Defendants from approximately May 2017 through in or around February 2018 (the "I. Lopez Employment Period").

49.    Throughout the I. Lopez Employment Period, Plaintiff I. Lopez worked six (6) days per week, with Tuesdays off. Each day, I. Lopez worked from approximately 11:30 am to approximately 10:00 pm, for a total of approximately sixty-three (63) hours each week.

50.    For his work, throughout the I Lopez Employment Period until approximately December 2017, I. Lopez was paid four hundred and fifty dollars ($450.00) per week. For the last approximately three (3) months of his employment, I. Lopez was paid a total of five hundred dollars ($500.00) per week.

51.    Given the number of hours that Plaintiff I. Lopez worked and the low salary that he received for such work, I. Lopez was not compensated at the applicable minimum wage for all hours worked each week.

52.    Plaintiff Rea was employed by Defendants from in or around February 2014 through in or around June 2016, and then again from in or around November 2, 2016 to April 6, 2018 (the "Rea Employment Period").

53.    Throughout the Rea Employment Period, Plaintiff Rea worked six (6) days per week, with Sundays off. Each day, Rea worked from approximately 11:30 am to approximately

10:00 pm for a total of approximately sixty-three (63) hours each week.

54.    For his work, throughout the Rea Employment Period, Rea was paid one thousand dollars ($1,000.00) dollars a week.

55.    Throughout their respective employment periods, Plaintiffs were paid a fixed weekly salary with no overtime premiums for hours worked over forty (40) in a given workweek.

56.    Throughout their respective employment periods, Plaintiffs were not paid spread-of-hours premiums for days in which they worked in excess of ten (10) hours, despite the fact that they typically worked shifts in excess of ten (10) hours each day.

57.    Throughout their respective employment periods, Plaintiffs were paid their wages through combination of check and cash, without any breakdown of the wages received in cash.

58.    Throughout their respective employment periods, Plaintiffs were not provided with wage notices when they were hired or annually before February 1, detailing, among other information, their rate(s) of pay, the regular pay day, and the name and address of the corporate entity that operates Tre Otto.

**Defendants' Unlawful Corporate Policies**

59.    Plaintiffs and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, spread-of-hours, or any wages for hours that they were required to work beyond their scheduled shifts.

60.    Defendants' failure to pay Plaintiffs spread-of-hours premiums for days in which they worked a spread of more than ten (10) hours or a split shift has been a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours in a day and/or split shift throughout the Class Period.

61.    Defendants have not provided Plaintiffs or Class Members with proper wage

notices at the time of hire or by February 1 of each year.

62.    Defendants have not provided Plaintiffs or Class Members with proper and accurate wage statements each week with their payment of wages.

63.    Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment.

64.    Upon information and belief, such individuals were often required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week. Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage statements and wage notices at hiring, by February 1 of each year, or proper wage statements with their wage payments on a weekly basis.

65.    Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

66.    Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67.    By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. §§ 206 and 215(a)(2).

68.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69.    Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

70.    Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71.    By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

72.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73.    Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

13

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

74.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75.     Defendants willfully violated Plaintiffs and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

76.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

77.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78.     Defendants willfully violated Plaintiffs and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

79.     Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members

14

are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS
### (Brought on Behalf of Plaintiffs and the Class Members)

80.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

81.     Defendants willfully violated Plaintiffs and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq*., and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

82.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES
### (Brought on Behalf of Plaintiffs and the Class Members)

83.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice

as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class

Members as their primary language, containing Plaintiffs and Class Members' rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day

designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the

employer; or any "doing business as" names used by the employer' the physical address of the

employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer; plus such other information as the commissioner deems

material and necessary.

85.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are

entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the

violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500)

per employee, as provided for by NYLL, Article 6, §§ 190, et seq., liquidated damages as provided

for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and

injunctive and declaratory relief.

### SEVENTH CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
**(Brought on Behalf of Plaintiffs and the Class Members)**

86.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each

and every allegation of the preceding paragraphs hereof with the same force and effect as though

fully set forth herein.

87.     Defendants have willfully failed to supply Plaintiffs and Class Members with an

accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work

covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

88.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.    An order tolling the statute of limitations;

17

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.  Two hundred and fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.  An award of prejudgment and post-judgment interest;

18

l.  An award of costs and expenses of this action together with reasonable attorneys' and

expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the complaint.


Dated: New York, New York
       September 19, 2018

                            Respectfully submitted,

                            **PELTON GRAHAM LLC**

                    By: _____
                            Brent E. Pelton (BP 1055)
                            Taylor B. Graham (TG 9607)
                            111 Broadway, Suite 1503
                            New York, New York 10006
                            Telephone: (212) 385-9700
                            Facsimile: (212) 385-0800

                            *Attorneys for Plaintiffs and the putative*
                            *FLSA Collective and Class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de UNI NYC LLC D/B/A TRE OTTO RESTAURANT y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_____
Nombre Escrito

Carlos Alberto Ramirez Lopa

# CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de UNI NYC LLC D/B/A TRE OTTO RESTAURANT y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

Jorge Bolivar REH
_____
Nombre Escrito

# CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de UNI NYC LLC D/B/A TRE OTTO RESTAURANT y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

Ismael Ramirez lopez
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de UNI NYC LLC D/B/A TRE OTTO RESTAURANT y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en  juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío.  Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


Segundo REA
_____
Firma

Segondo REA
_____
Nombre Escrito